**WO**

NOT FOR PUBLICATION

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| DAVID K. EVERSON and PATRICIA M. EVERSON, <br><br> Plaintiffs, <br><br> vs. <br><br> DAVID D. EVERSON, Individually and as President and Director of Mandalay Homes, Inc., <br><br> AND, <br><br> KRISTY EVERSON, aka KRISTY DRYJA, wife of DAVID D. EVERSON, <br><br> AND, <br><br> MANDALAY HOMES, INC., et al., <br><br> AND, <br><br> THE ESTATE OF LOUIS B. SCHAEFFER, GENE SCHAEFFER, wife, RUSSELL SCHAEFFER, son, ADMINISTRATORS, <br><br> Defendants. | No. CV-08-1980-PHX-GMS <br><br> **ORDER** |

On July 30, 2009, the Court received a Motion for Summary Judgement on behalf of the Estate of Louis B. Schaeffer. (Dkt. # 34.) The Motion, however, was not brought by the

Estate's personal representative. Instead, the Schaeffer family[1] retained counsel to file the Motion. (Dkt # 34.) Arizona law makes it clear, however, that familial ties, alone, are not sufficient to confer either liability or standing to act on behalf of a decedent's estate. *See* Arizona Revised Statutes ("A.R.S.") § 14-3110 (2005).[2] Instead, only the personal representative has authority to raise a claim or make a defense. A.R.S. § 14-3103 (2005) ("[T]o acquire the powers and undertake the duties and liabilities of a personal representative of a decedent, a person shall be appointed . . . ."). As far as the Court is aware, no personal representative has been appointed, and members of the Schaeffer family are unwilling to accept the position. (Dkt. # 33.)

**IT IS THEREFORE ORDERED** that Timothy J. Thomason and Nicole S. Hawkesworth provide the basis for their authority to represent the Estate of Louis B. Schaeffer–inasmuch as no personal representative with power to defend the Estate has been appointed.

**IT IS FURTHER ORDERED** that Mr. Thomason and Ms. Hawkesworth file a memorandum with the requested information on or before **September 30, 2009**, if they do not otherwise move to withdraw the Motion for Summary Judgment.

DATED this 23rd day of September, 2009.

*/s/ H. Murray Snow*
G. Murray Snow
United States District Judge

---

[1] In an Order issued on March 3, 2009, the Court dismissed Russell Schaeffer and Gene Schaeffer, as individuals, from this action. (Dkt. # 19.)

[2] Section 14-3110 provides that a "cause of action . . . shall survive the death of the person entitled thereto or liable therefor, and may be asserted by or against the personal representative of such person"). In *Lacer v. Navajo County*, the Arizona Court of Appeals interpreted this provision to mean that "only the personal representative" has standing "to bring [or defend] an action" under Arizona law. *See* 141 Ariz. 396, 404, 687 P.2d 404, 412 (Ct. App. 1983); *see also* A.R.S. § 14-3104 (2005) ("No proceeding to enforce a claim against the estate of a decedent or his successors may be revived or commenced before the appointment of a personal representative.").