1  **WO**

2  NOT FOR PUBLICATION

3

4

5

6  IN THE UNITED STATES DISTRICT COURT

7  FOR THE DISTRICT OF ARIZONA

8

9  DAVID K. EVERSON and PATRICIA M.)    No. CV-08-1980-PHX-GMS
   EVERSON,                        )
10                                 )    **ORDER**
          Plaintiffs,              )
11                                 )
   vs.                             )
12                                 )
                                   )
13 DAVID D. EVERSON, *et al.*,     )
                                   )
14        Defendant.               )
                                   )
15 _____

16        Pending before the Court is the Motion for reconsideration filed by Plaintiffs David

17 K. Everson and Patricia M. Everson pursuant to Rule 59(e) of the Federal Rules of Civil

18 Procedure. Dkt. # 54. Under Rule 59(e), a motion for reconsideration "is appropriate 'if the

19 district court: (1) is presented with newly discovered evidence, (2) committed clear error or

20 the initial decision was manifestly unjust, or (3) if there is an intervening change in

21 controlling law.'" *Circuit City Stores, Inc. v. Mantor* 417 F.3d 1060, 1064 (9th Cir. 2005)

22 (quoting *Sch. Dist. No. 1J, Multnomah County v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir.

23 1993)).

24        Upon review of Plaintiffs' arguments in light of the record and the Court's previous

25 Order, the Court denies the Motion. Here, Plaintiffs have not presented the Court with any

26 *newly discovered* evidence, nor have they demonstrated that its order and judgment was

27 somehow *manifestly unjust*. Finally, Plaintiffs do not cite any intervening *change* in the

28

controlling law that suggest that the Estate of Louis D. Schaeffer committed the wrongful acts alleged in the Amended Complaint.

The crux of Plaintiffs' argument in their Motion appears to be that the Court erred when it held that there is "nothing in the record suggesting that Mr. Schaeffer brought an action for a stablemen's lien, knowing that there was a 'complete defense.'" *See* Dkt. # 53 at 4. (citing *Alexander v. Robertson*, 882 F.2d 421, 424 (9th Cir. 1989)) Plaintiffs *now* allege that there was a complete defense because the Everson Defendants brought the stablemen's lien fourteen days after requesting payment, rather than waiting twenty days. Arizona Revised Statute § 3-1295(A), which Plaintiffs incorrectly cite as § 3-2195(A), provides, in pertinent part:

> A person who furnishes pasture, feed or other services for livestock on the premises of that person has a lien on the stock for the amount of the charges that are due and unpaid. A person having such lien may retain the stock until the charges are paid. If possession continues for twenty days after the charges accrue, and the charges have not been paid, the person retaining possession of the stock may perfect the amount of the lien by filing an action in either superior court or justice court, according to the amount in controversy, in the jurisdiction of the holder of the stock.

While the Everson Defendants sent a letter indicating the amount due only fourteen days before bringing the lien, there is no evidence that the charges had not accrued before that time. Moreover, the undisputed record provides that twenty days after the Everson Defendants sent the letter that provided the amount owed for the care of Plaintiffs' horses, Plaintiffs had made no effort to pay the amount that was allegedly due.

In addition, it is undisputed that Mr. Schaeffer did not bring the justice court action, the Everson Defendants did that *pro se*. Mr. Schaeffer was retained to represent the Everson Defendants approximately a month *after* the Everson Defendants sent Plaintiffs the letter outlining the amount owed. Nevertheless, even if Plaintiffs have presented facts establishing that they have a complete defense to the stablemen's lien, they do not present evidence establishing that Mr. Schaeffer knew that this was a complete defense.

Plaintiffs also contend that the Estate's reply brief was untimely under Local Rule of Civil Procedure 56.1(d). By failing to object prior to the Court's consideration of the Motion for Summary Judgment, however, Plaintiffs waived any objection. Moreover, Plaintiffs fail to explain how they were prejudiced by the Court's consideration of the Estate's Reply.

**IT IS HEREBY ORDERED** that Plaintiffs' Motion for Reconsideration (Dkt. # 54) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion for Oral Telephonic Argument on the Motion for Reconsideration (Dkt. # 57) is **DENIED** as moot.

DATED this 24th day of March, 2010.

G. Murray Snow
United States District Judge