1 **WO**

2 NOT FOR PUBLICATION

6 IN THE UNITED STATES DISTRICT COURT

7 FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| David K. Everson, and Patricia M. Everson,<br><br>Plaintiff,<br><br>vs.<br><br>David D. Everson, Individually and as President and Director of Mandalay Homes Inc.; Kristy Everson, aka Kristy Dryja, wife of David D. Everson; and Mandalay Homes, Inc.,<br><br>Defendants. | No. 08-1980-PHX-GMS<br><br>**ORDER** |

Pending before this Court are the Plaintiffs' Motion for Default Judgment as to David D. Everson, et. al (Dkt. #69), Plaintiffs' Motion to Set Aside re Defendants' Answer to Amended Complaint (Dkt. # 72), Plaintiffs' Objection and Motion to Strike and/or Set Aside Defendants' Response (Dkt.#77), Plaintiffs' Motion for Default Judgment as to Estate of Louis B. Schaeffer (Dkt. #78) and Plaintiffs' Motion Pursuant to Rule 60(b)(4) (Dkt. # 80). For the reasons stated below, each of these motions is denied.

Plaintiffs filed their initial complaint against Defendants in late October 2008. Plaintiffs obtained service on Defendants Mandalay Homes, Inc. and David and Kristy Everson on February 2 and 3, 2009. These defendants all filed a timely answer to Plaintiffs' Complaint. (See Dkt nos. 13, 14). The Plaintiffs asked for, and received multiple extensions of time by this Court so that they could obtain the appointment of a personal representative

for the Estate of Louis B. Schaeffer, and thus serve the Estate. In the meantime, this Court dismissed Plaintiffs' Complaint as it pertained to Russell and Gene Schaeffer individually in March 2009. Dkt. E 19).

On October 8, 2009, the Estate, which had previously filed a motion for summary judgment that had been stricken by the Court due to the lack of the appointment of a personal representative, informed the Court that a personal representative had been appointed. (Dkt. # 43). The Estate then refiled its Motion for Summary Judgment. (Dkt. # 44). In its previous order striking the Estate's Motion for Summary Judgment, the Court had explicitly granted the Estate the permission to refile its motion for summary judgment upon the appointment of a personal representative. (Dkt. # 42). As a result, the Estate apparently waived the requirement for service.

As the Defendants point out, the Everson Plaintiffs lodged their Proposed First Amended Complaint in late October 2009. But, the Everson Plaintiffs never filed a motion requesting the Court's permission to file the complaint. Under Fed. R. Civ. P. 15 as it existed at the time[1], Plaintiffs had lost the right to file an Amended Complaint as of right, because the Defendants had appropriately filed answers to Plaintiffs' Complaint. Without filing a motion asking permission of this Court to do so, and without having received that authorization, Plaintiffs were not allowed to file their Amended Complaint. Nevertheless, they did so in early November without the Court's authorization.

In March, 2010, this Court granted summary judgment on behalf of the Estate Defendants. (Dkt. # 53). On April 1, this Court observed in an order requiring a status report, that no Answer to the First Amended Complaint had been filed. (Dkt. # 59). In making this comment, however, the Court had not examined the docket sufficiently to realize that it had never authorized the filing of a First Amended Complaint. No answer was thus, required. Nevertheless, on April 6, despite the lack of need for an Answer, the Everson

---

[1] Fed. R. Civ. P. 15(a) has since been amended, but, even if the new terms of the Rule applied, Plaintiffs would not have been allowed to file their Amended Complaint without receiving leave of the Court.

1  Defendants filed their Answer to the Amended Complaint. (Dkt. # 63). Two days after the
2  Everson Defendants filed their answer to the Amended Complaint, the Everson Plaintiffs
3  filed their Motion for Default Judgment as to the Everson Defendants. (Dkt. # 65). The
4  Court immediately thereafter denied the Motion in light of the Answer filed by Everson
5  Defendants and the fact that the Court had already granted summary judgment on behalf of
6  the Estate Defendants. (Dkt. # 67).

7  No default had ever been entered by the Clerk against any of the Defendants.
8  Although a Default Judgment is not necessarily appropriate even in cases in which default
9  has been entered, no default judgment can be entered when there has been no default. In this
10 case, not only did the Clerk not enter a default, it would have been inappropriate for him to
11 do so, because every defendant has defended itself against Plaintiffs' claims in this case. *See*
12 Fed. R. Civ. P. 55(a) (providing for default only when "a party against whom judgment . .
13 . is sought has failed to plead or otherwise defend). To the extent that Plaintiffs assert that
14 they are entitled to default judgment because the Defendants did not timely answer their
15 Amended Complaint, the Court notes that, (a) they were under no obligation to file an answer
16 to an amended complaint that was not otherwise authorized; (b) the Everson Defendants
17 nevertheless answered the Amended Complaint and at any rate had answered earlier
18 complaints and had otherwise defended themselves; (c) the Estate apparently waived service
19 of the Complaint and/or the Amended Complaint but immediately after accepting service
20 filed a motion for summary judgment that was granted by the Court. The Estate Defendants
21 appropriately defended themselves and summary judgment was appropriately granted on the
22 Plaintiffs' claims against them.

23 The Everson Plaintiffs nevertheless filed this Second Motion/Application for Default
24 Judgment (Dkt. #69), in which, in addition to re-urging the argument that had been
25 previously denied, they argue that the Everson Defendants did not mail them a copy of their
26 answer to the Amended Complaint until a day after they said they did. This further
27 establishes, they argue, that the Everson Defendants filed their answer to the Plaintiffs'
28 amended complaint *before* they had served it on Plaintiffs, which they argue is in

1  contravention of the Rule that states that filing a paper with the court should occur after it has
2  been served on the opposing party. See, Fed. R. Civ. P. 5.1(d). This, they assert, is a
3  separate reason to enter default against the Defendants. Thereafter, Plaintiffs, filed a motion
4  to strike the Everson Defendant's Answer to the Amended Complaint (Dkt. # 72) on this
5  same basis. After the Court ordered the Everson Defendants to Respond to these motions
6  (Dkt. # 75), Plaintiffs filed an additional motion to strike (Dkt. # 77) again because copies
7  of these filings with the Court are being sent to the Plaintiffs simultaneously or shortly after
8  their filing with the Court rather than after their service on the Plaintiffs.

9       To the extent that the language of the Federal Rule of Civil Procedure 5(d)(1) states
10  that filing must be accomplished after service, it provides the Court with no basis to strike
11  any pleading, motion or response in this case. Rule 5(d) is primarily designed to provide a
12  record that includes the time and manner of service for instances where the effectiveness of
13  service is at issue. Wright and Miller, Federal Practice & Procedure § 1141 at 411 (2002)
14  (citing Fed. R. Civ. P. 5 Advisory Notes). Plaintiffs, however, present no evidence that they
15  did not timely receive copies of the filed pleadings, motions or responses. To strike the
16  Defendants' pleadings for the reasons set forth by Plaintiff would be a mindless exaltation
17  of form over substance, that is neither required nor authorized by the Rule. The Court has
18  already extended deadlines multiple times during the course of this action, and at Plaintiffs'
19  request, so that Plaintiffs could name and serve the Estate as a Defendant. The Court will
20  not now reverse course and impose a remedy of default that is not called for by the rules
21  merely because the Defendants' complied with standard procedure by contemporaneously
22  mailing to Plaintiffs a copy of papers filed in this Court. Therefore, to the extent Plaintiffs
23  request that the Amended Answer, and response of the Everson Defendants be stricken on
24  that basis, and that default be entered, the request is denied.

25       The Everson Plaintiffs have also now filed a Motion Pursuant to Federal Rule of Civil
26  Procedure 60(b) (Dkt. # 80). Plaintiffs could have raised each of the arguments asserted in
27  their Rule 60(b) Motion earlier in these proceedings (i.e. in response to the Motion for
28  Summary Judgment or in their First Motion for Reconsideration), Plaintiffs have waived

1 these arguments. Yet, even if the Court considered Plaintiffs' *new* arguments, they would
2 not constitute grounds on which relief from judgment would be granted, because the Court
3 has both personal and subject matter jurisdiction over this matter insofar as it concerns the
4 Estate. Therefore, on its own motion, the Court dismisses the motions filed at docket
5 numbers 78 and 80.

The Court may exercise personal jurisdiction over a defendant, even "in the absence of proper service of process," when "the defendant has consented to jurisdiction or waived the lack of process." *Sec. & Exch. Comm'n v. Ross*, 504 F.3d 1130, 1138–39 (9th Cir. 2007) (citation omitted); *see also Omni Capital Int'l v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (noting that consent of the parties provides a proper basis to exercise personal jurisdiction). Furthermore, a "defect in a district court's jurisdiction over a party . . . is an personal defense which may only be asserted or waived by [that] party." *See Williams v. Life Sav. and Loan*, 802 F.2d 1200, 1202 (10th Cir. 1986) (citing Fed. R. Civ. P. 12(h)(1)); *see also United States v. Baramdyka*, 95 F.3d 840, 844 (9th Cir. 1996) ("[L]ack of personal jurisdiction . . . is . . . a waivable affirmative defense.").

The Estate filed a Motion for Summary Judgment on October 8, 2009 (Dkt. # 44.) By filing that Motion and requesting relief from the Court, the Estate consented to jurisdiction. As noted by the court in *Ross*, a district court may properly exercise jurisdiction when the adverse parties consent. 503 F.3d at 1138–39. In this case, the Estate did not need to expressly consent to jurisdiction because the Estate implicitly indicated its willingness to submit to the Court's power when it filed the Motion for Summary Judgment. (Dkt. # 44.) This filing clearly manifests the Estate's consent to jurisdiction, at least with respect to the Motion for Summary Judgment.

Finally, in its Order granting summary judgment, the Court considered all of the claims and factual allegations raised in either the Complaint or the Amended Complaint. It granted summary judgment as to all such claims. *See Reflectstone, Inc. v. Farrand Optical Co., Inc.*, 862 F.2d 841, 845–46 (11th Cir. 1989) (rejecting a claim that "the district court erred when it carried over [a] pending motion for summary judgment . . . to a[n] . . . amended

complaint" because the "amended complaint did not present any allegations that could raise a genuine issue of material fact").[2]

**IT IS THEREFORE ORDERED DENYING**: (1) Plaintiffs' Motion for Default Judgment as to David D. Everson, et. al (Dkt. #69); (2) Plaintiffs' Motion to Set Aside re Defendants' Answer to Amended Complaint (Dkt. # 72); (3) Plaintiffs' Objection and Motion to Strike and/or Set Aside Defendants' Response (Dkt.#77); (4) Plaintiffs' Motion for Default Judgment as to Estate of Louis B. Schaeffer (Dkt. #78); and (5) Plaintiffs' Motion Pursuant to Rule 60(b)(4) (Dkt. # 80).

DATED this 7th day of June, 2010.

G. Murray Snow
United States District Judge

---

[2] Additionally, Plaintiffs never requested leave to conduct discovery in Response to the Estate's motion. *See* Fed. R. Civ. P. 56(f); *See also Margolis v. Ryan,* 140 F.3d 850, 853-54 (9th Cir.1998) (reviewing for an abuse of discretion the denial of Rule 56(f) motion and upholding denial where "appellants failed to identify facts, either discovered or likely to be discovered, that would support their . . . claim"). Since the Plaintiffs never even requested additional discovery, summary judgment was proper.

- 6 -