**WO**

NOT FOR PUBLICATION

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| David K. Everson and Patricia M. Everson,<br><br>Plaintiff,<br><br>vs.<br><br>David D. and Kirsty Everson, Husband and Wife; Mandalay Homes, Inc., an Arizona Corporation,<br><br>Defendants. | No. CV-08-1980-PHX-GMS<br><br>**ORDER** |

Pending before the Court are: (1) Plaintiffs' Motion to Deem Admissions (Doc. 106); (2) Defendants' First Motion to Amend/Correct "Deemed" Admissions (Doc. 107); (3) Plaintiffs' Motion to Amend/Correct Amended Complaint (Doc. 109); (4) Plaintiffs' Motion to Strike Response in Opposition to Motion (Doc. 116); and (5) Plaintiff's Motion to Modify Answer to Request No. 8 (Doc 118).

For the reasons listed below Defendants' First Motion to Amend/Correct "Deemed" Admissions (Doc. 107) is granted, therefore Plaintiffs' Motion to Deem Admissions (Doc. 106) is denied as moot. Plaintiff's Motion to Modify Answer to Request No. 8 (Doc. 118) is also granted. Plaintiff's Motion to Strike Response in Opposition to Motion (Doc. 116) is denied, and Plaintiff's Amended Motion for Leave to File Second Amended Complaint (Doc 109) is denied.

**Request For Admissions**

Plaintiffs mailed their First Set of Request For Admissions to Defendants' Counsel on July 19, 2010. Defendants did not file timely answers to the request for admissions. On September 3, 2000, Plaintiffs filed their Motion to Deem Admissions and Memorandum in Support on September 3, 2010, Doc. 106. On the same date, Defendants' counsel realized her error. She wrote Plaintiffs indicating that she had made an error resulting in the filing of late answers because her assistant had incorrectly calendared the date for response pursuant to her understanding of the state rather than the federal rules. Four days later, on September 7, Defense Counsel filed answers to the Requests which was eleven days after their due date. Defendants further filed their Motion to Permit Amendment. Defendants requested permission to amend their answers pursuant to an affidavit filed by Counsel's staff indicating that she had incorrectly calendared the date for response.

The Court may "permit amendment if it would promote the presentation of the merits of the action." The Court is persuaded that permitting the amendment in this case would do so. Many of the requested admissions apparently have to do with claims that have already been dismissed from this case on the merits. Failing to allow amendment would only result in waste and confusion as Plaintiffs apparently seek such admissions in what would be a fruitless attempt to revive claims against parties that have been definitively dismissed, based not upon the facts of the matter, but upon remaining Defendants docketing error that resulted in a deemed admission. Further, Plaintiffs establish no prejudice in maintaining or defending the action on the merits if the Court permits the late filing of the answers to the request for admissions. Plaintiffs' only argument is to again reurge the canard repeatedly rejected by this Court that Defendants habitually engage in late filing. It is true, in this instance, that Plaintiffs received Defendants' answers eleven days after they were due. Plaintiffs, however, establish no prejudice that they will suffer by permitting late amendment of the answers. Therefore, Defendants' answers to the Request for Admissions, already served on the Plaintiffs are deemed timely filed.

For the same reasons, Defendants' Motion to Modify Answer to Request No. 8 is

granted.

**Motion to Amend**

Plaintiffs further seek leave of the Court to amend their complaint to add additional facts and allegations to their claim against the Estate of Louis B. Schaeffer as well as to add Mandalay Investments, Inc. and MHI Residential, Inc., as party Defendants to this action. The Estate of Louis B. Schaeffer was long ago dismissed as a Defendant from this case. An amendment to seek to resurrect the claim would be futile, and the Court can see no reason to permit the late amendment to add parties of which Plaintiffs have been long aware, and which, are inextricably intertwined with the amendment proposing the addition of factual allegations to claims that have already been dismissed. Therefore, leave to amend is denied.

Further, Plaintiffs' Motion to Strike and Response to the Estate's Opposition to Plaintiffs' Motion to Amend Complaint and Motion to Strike, Doc. 116 is also denied. Plaintiffs again base their motion to strike on the argument that they were not timely served by the Estate with their Response. The Court has already repeatedly rejected the argument set forth by Plaintiffs as a basis for striking papers in this matter. It has considered Plaintiffs' argument in this respect and finds it without merit. The Motion to Strike is therefore denied.

Therefore, for the reasons stated above,

**IT IS HEREBY ORDERED:**

1. Granting Defendants' First Motion to Amend/Correct "Deemed" Admissions (Doc. 107).

2. Denying as moot Plaintiffs' Motion to Deem Admissions (Doc. 106).

3. Granting Plaintiff's Motion to Modify Answer to Request No. 8 (Doc. 118).

4. Denying Plaintiff's Motion to Strike Response in Opposition to Motion (Doc. 116).

5. Denying Plaintiff's Amended Motion for Leave to File Second Amended Complaint (Doc 109).

DATED this 24th day of November, 2010.

G. Murray Snow
United States District Judge