1  **WO**

2                              NOT FOR PUBLICATION

3

4

5

6                    IN THE UNITED STATES DISTRICT COURT

7                     FOR THE DISTRICT OF ARIZONA

8

9   David  K.  Everson  and  Patricia  M.)    No. CV-08-1980-PHX-GMS
    Everson,                              )
10                                         )    **ORDER**
                 Plaintiffs,              )
11                                         )
    vs.                                   )
12                                         )
    David D. Everson, Individually and as)
13  President  and  Director  of  Mandalay)
    Homes, Inc.; Kristy Everson, aka Kristy)
14  Dryja, wife of David D. Everson; and)
    Mandalay Homes, Inc.,                 )
15                                         )
                 Defendants.              )
16  _____)

17

18        Pending before the Court are Plaintiffs' Motion for Leave to File Second Amended

19  Complaint (Doc. 135) and Motion to Deem Admissions (Doc. 136). Both motions are denied

20  for the reasons set forth below.

21                 **Motion for Leave to File Second Amended Complaint**

22        Plaintiffs again seek to file a second amended complaint after this Court has already

23  determined in an Order dated November 24, 2010, that they have not demonstrated any

24  reason for the Court to believe that they have not been long aware of the parties they now

25  seek to add or that any of the facts that they seek to add have been diligently pursued or were

26  newly discovered.  As Plaintiffs acknowledge, there must be good cause to amend a

27  scheduling order prior to receiving an amendment allowing a late amendment to a scheduling

28  order. "Although the existence or degree of prejudice to the party opposing the modification

1   might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving

2   party's reasons for seeking modification. . . . If that party was not diligent, the inquiry should

3   end." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).

4          In this case, Plaintiffs have not demonstrated diligence in seeking to amend their

5   complaint and seeking to discover the facts on which they now claim justify amendment.

6   This Court has already determined that they have not been diligent and have no reason why

7   these facts were only lately discovered, nor has the Court determined any evidence of their

8   diligence. Rather, Plaintiffs' actions seem principally designed to harass Defendants and the

9   Court through the repeated requests for the Court to reconsider its determinations even after

10  such requests have been denied, and the repeated renewals of the motions have been denied.

11         Therefore, again because Plaintiffs have failed to demonstrate diligence or good cause

12  this Court will not amend its Scheduling Order to permit late amendment to the complaint.

13  Nor will the Court permit late amendment to its Scheduling Order to add parties or factual

14  allegations when there is no apparent reason that the facts were not previously discovered

15  and previously alleged, particularly at this late date in the litigation.

16                                  **Motion to Deem Admissions**

17         Plaintiffs' Motion to Deem Admissions is denied as the request to the admissions were

18  timely filed.

19         **IT IS THEREFORE ORDERED:**

20         1.     Denying Plaintiffs' Motion for Leave to File Second Amended Complaint

21  (Doc. 135).

22         2.     Denying Plaintiffs' Motion to Deem Admissions (Doc. 136).

23         DATED this 15th day of December, 2010.

24

25                                         G. Murray Snow
                                           United States District Judge
26

27

28