**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| David K. Everson and Patricia M. Everson,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>David D. Everson, Individually and as President and Director of Mandalay Homes, Inc.; Kristy Everson, aka Kristy Dryja, wife of David D. Everson; and Mandaly Homes Inc., ,<br><br>　　　　Defendant. | No. CV-08-1980-PHX-GMS<br><br>**ORDER** |

This afternoon the Court had a lengthy discovery conference with all parties to this suit. After hearing disputes regarding the Everson's failure to timely or completely answer requests for admission, requests for production, and non-uniform interrogatory requests, and issuing its tentative rulings on them, the matter turned to the Everson's failure to appear at their depositions that had been previously scheduled for December 17, 2010. After having raised this matter, counsel for Defendant indicated that factual discovery closed on December 17, 2010, thus the Court's Scheduling Order would need to be modified to permit Defendants to re-notice the depositions of Plaintiffs.

This Court's Scheduling Order (Doc. 100), issued July 9, 2010 specifies a deadline for fact discovery on December 17, 2010. Immediately thereafter it specifies that "[a]ll depositions shall be scheduled to commence at least **five working days** prior to the discovery

1  deadline. A deposition commenced five days prior to the deadline may continue up until the
2  deadline, as necessary." Doc. 100 at ¶ 4(a) (emphasis added). Thus, Plaintiffs' depositions
3  should have been scheduled by Defendants no later than December 10, 2010. Defendants
4  scheduled Plaintiffs' depositions for one week, or five working days, after the actual
5  deadline.

6  The Scheduling Order also specifies that "[a]bsent extraordinary circumstances, the
7  Court will not entertain fact discovery disputes after the deadline for completion of fact
8  discovery." *Id.* at ¶ 6(c).

9  On January 13, 2011, Defendants' counsel called because Plaintiffs (who are
10  representing themselves) were not returning calls or responding to e-mails or correspondence
11  concerning their failure to respond to discovery. In response, the Court set-up a discovery
12  dispute resolution conference for today, January 18, 2011. During that conference, the Court
13  learned that the deadline for fact discovery expired more than a month ago.

14  Pursuant to the Scheduling Order, fact discovery is closed. At this point, Defendants
15  have not established the "extraordinary circumstances" necessary for the Court to entertain
16  Defendants' pending fact discovery disputes with Plaintiffs.

17  **IT IS THEREFORE ORDERED** denying Defendants' oral Motion to Compel
18  Discovery without prejudice to Defendants seeking to establish the extraordinary
19  circumstances necessary for the Court to take up this motion. The Court notes, however, that
20  in addition to the extraordinary circumstances, Defendants will also have to establish their
21  own diligence in conducting discovery to obtain an amendment to the Case Management
22  Order. *See, e.g. Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608-9 (9th Cir. 1992).
23  Otherwise the expert phase of discovery is under way, with a pending dispositive motion
24  deadline. The parties are advised to pay strict attention to the Case Management Order
25  because as the Order itself notes, "**the Court intends to enforce the deadlines set forth in**
26  **this Order, and should plan their litigation activities accordingly."**

27  DATED this 18th day of January, 2011.

28

_____
G. Murray Snow
United States District Judge