**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| David K. Everson and Patricia M. Everson,<br><br>    Plaintiffs,<br><br>vs.<br><br>David D. Everson and Kristy Everson aka Kristy Dryja, husband and wife; and Mandalay Homes, Inc., an Arizona corporation,<br><br>    Defendants. | No. CV-08-1980-PHX-GMS<br><br>**ORDER** |

Pending before the Court is Plaintiffs' Motion to Alter or Amend Judgment Pursuant to Rule 59(e). (Doc. 155). For the reasons stated below, the motion is denied.

**BACKGROUND**

The facts and procedural history are available in this Court's order of October 11, 2011, granting summary judgment to Defendants. (Doc. 153). Plaintiffs have subsequently filed a motion to reconsider under Rule 59(e). (Doc. 155).

**DISCUSSION**

**I.  Legal Standard**

Under Rule 59(e), a motion for reconsideration may be granted only on one of four grounds: "1) the motion is necessary to correct manifest errors of law or fact upon which the judgment is based; 2) the moving party presents newly discovered or previously unavailable evidence; 3) the motion is necessary to prevent manifest injustice; or 4) there is an

intervening change in controlling law." *Turner v. Burlington N. Santa Fe R.R. Co.*, 338 F.3d 1058, 1063 (9th Cir. 2003) (internal quotations and emphasis omitted). Motions for reconsideration are disfavored and are not the place for parties to make new arguments not raised in their original briefs. *See Northwest Acceptance Corp. v. Lynnwood Equip., Inc.*, 841 F.2d 918, 925–26 (9th Cir. 1988). Nor should such motions ask the Court to "rethink what the court has already thought through—rightly or wrongly." *See United States v. Rezzonico*, 32 F. Supp. 2d 1112, 1116 (D. Ariz. 1998) (quoting *Above the Belt, Inc. v. Mel Bohannon Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983)).

## II. Analysis

Plaintiffs claim that dismissal of their case was manifestly unjust because "Defendants did not proffer one shred of evidence in support of their motion for summary judgment." (Doc. 155). Plaintiffs ignore the fact that Defendants' motion overtly incorporated "the Statement of Facts previously filed by the Estate of Louis B. Schaeffer on October 8, 2009 (the 'Estate SOF')." (Doc. 147 at 1). The Schaeffer Estate's Statement of Facts included 127 pages of exhibits. (Doc. 45, Ex. 1–24). The Court cited to these exhibits in its order of October 11, 2011. (Doc. 153).

Plaintiffs dispute the appropriateness of the Court's reliance on *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986), and cites extensively to the *Celotex* dissenters. (Doc. 153 at 4–5). The dissenters' opinions notwithstanding, it remains the law that "Rule 56(c) mandates the entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322.

Plaintiffs' remaining substantive arguments are either new arguments not raised in their previous briefs, meritless, or both. For example, they now acknowledge for the first time that they did not accept the veterinarian certificates, stating instead that since the agreement provided that acceptance "will not be unreasonably withheld," it went into effect despite their lack of acceptance. (Doc. 155 at 6–7). It is improper to bring an argument for the first time in a motion under Rule 59(e). *Northwest Acceptance Corp*, 841 F.2d at 925–26.

1  Even were such an argument properly before the Court, it would fail. The settlement
2  agreement does state that the acceptance "will not be unreasonably withheld." It does not
3  state that reasonable withholding of acceptance will make the agreement operative in lieu of
4  actual acceptance. Plaintiffs have provided no evidence suggesting that the settlement
5  agreement became effective absent the condition precedent on its face, regardless of whether
6  Plaintiffs' failure to meet that condition was reasonable.

7  Plaintiffs further ask the Court to reconsider its decision regarding their claim of abuse
8  of process, repeating the argument that because they have now identified a defense to the
9  justice court action under the Arizona Revised Statutes, the action constituted an abuse of
10 process. Plaintiffs are simply asking the Court to reconsider its decision on summary
11 judgment, and their argument is therefore inappropriate for a Rule 59(e) motion. *See*
12 *Rezzonico*, 32 F. Supp. 2d at 1116. Moreover, it remains true that "the fact that Plaintiffs may
13 have had a viable defense to the suit did not render the suit an abuse of process." (Doc. 153).

14 Plaintiffs complain that the order describes as "uncontroverted" the fact that the horses
15 were sold at a sheriff's sale to satisfy a judgment domesticated against Plaintiffs, yet refer
16 to no evidence to challenge this fact. (Doc. 155 at 11–12). Instead they re-allege that
17 Defendants improperly maintained control of the horses between the time Plaintiffs
18 demanded they return them and the time they were sold. (Doc. 155 at 10–11). Plaintiffs did
19 not allege in their complaint that they were deprived of their horses merely for this limited
20 time period; they complained of "the *loss* of their horses." (Doc. 49 at 18) (emphasis added).
21 The horses were sold to satisfy the out-of-state judgment; had the horses been returned to
22 Texas in a timely fashion, they would likely have been sold there pursuant to the same
23 judgment. Plaintiffs offer no evidence that Defendants' actions were the cause of the loss of
24 their horses.

25 Plaintiffs also assert that the fact that the horses were sold for $5,600, while the Court
26 held diversity to be proper because Plaintiffs alleged an amount in controversy over $75,000,
27 supports their claim that they were unjustly impoverished and Defendants were unjustly
28 enriched. (Doc. 155 at 14–15). The Court did not find that the horses were worth $75,000,

only that Plaintiffs' claim that they were worth that much to Plaintiffs was not made in bad faith. (Doc. 153 at 3 n.5). *See St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938) ("The inability of plaintiff to recover an amount adequate to give the court jurisdiction does not show his bad faith or oust the jurisdiction."). In fact, all available evidence demonstrates that the horses were worth far less. Plaintiffs' own exhibits document that only a handful of offers were made for the horses, all for substantially less than Plaintiffs believed they were worth. For example, although Plaintiff claimed that "The price of Enchanted is $8,500," the only offer for the horse was for $2,500, and the potential purchaser wrote Plaintiffs that she had asked "a life-long Arabian breeder [to] look Enchanted over" and the breeder found that in its current unregistered condition, the horse was "worth about $750." (Doc. 49, Ex. 4).

Plaintiffs' other arguments are likewise novel, meritless, or invitations to reconsider the reasoning of the original order. Plaintiffs offer no grounds appropriate for a motion under Rule 59(e). *See Rezzonico*, 32 F. Supp. 2d at 1116.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Alter or Amend Judgment Pursuant to Rule 59(e) is **denied** and the action shall remain terminated.

DATED this 16th day of November, 2011.

*A. Murray Snow*
G. Murray Snow
United States District Judge